James W. Kennedy (JK3342)
Gabriel Berg (GB4148)
KENNEDY BERG LLP
401 Broadway, Suite 1900
New York, New York 10013
Telephone: (212) 899-3400
Facsimile: (212) 899-3401
*Attorneys Bradley C. Reifler*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

| | |
|---|---|
| In re:<br><br>BRADLEY C. REIFLER,<br><br>                    Debtor. | **CHAPTER 7**<br>Civil Action No. 17-bk-35075 (CGM)<br><br>Adv. Pro. No. 17-09016 (CGM) |
| NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY,<br><br>                    *Plaintiff*,<br><br>         -against-<br><br>BRADLEY C. REIFLER,<br><br>                    *Defendant*. | |

**DECLARATION OF JAMES W. KENNEDY IN OPPOSTION TO PLAINTIFF'S
FOR ORDER QUASHING SUBPOENA TO RVM ENTERPRISES, INC.**

    JAMES W. KENNEDY, an attorney duly admitted to practice before this Court, affirms

the following under penalty of perjury pursuant to 28 U.S.C.§ 1746:

    1.    I am a partner at Kennedy Berg LLP, counsel to Bradley C. Reifler ("**Debtor**"),

the defendant in this Adversary Proceeding. I submit this Declaration in opposition to Plaintiff's

Motion for Order Quashing Subpoena to RVM Enterprises, Inc. ("**Motion**"). Unless otherwise stated, I have personal knowledge of the facts stated below.

2. On March 5, 2018, plaintiff's counsel filed a letter request with this Court seeking, among other relief, to imprison Debtor and seize his passport on the ground that, according to plaintiff, "steps were taken to permanently delete data from the Defendants' Computer." March 5, 2018 Letter at 1 (Dkt. No. 133, "**March 5 Letter**"). Plaintiff attached to the letter certain factual affidavits submitted by Evan Fuest and Gregory Cancilla, two representatives of RVM Enterprises, Inc. ("**RVM**"), a firm engaged in computer forensic imaging and analysis.

3. Among other things, Mr. Fuest's Affidavit reported that he had found an application called "Eraser.exe" on Debtor's computer. He did not offer any expert opinion, with the possible exception of stating that," if eraser.exe was successfully run on the Custom Computer, RVM will not be able to recover all of the Defendant's Data that was available at the time the Court entered its ESI order on December 28, 2017." To the extent such were even regarded as opinion, it seems to be derived from a website description of the software program. Nonetheless, plaintiff relied on Mr. Fuest's factual statements as support for its March 5 Letter application.

4. In open Court the next day, March 6, 2018, plaintiff's counsel stated, on the record, that NCM had evidence that Debtor had run the eraser.exe program on his computer. In response, I asserted that Mr. Fuest's affidavit merely stated his view of the probable consequences "if" or "assuming" the program had been run. I added my understanding that Debtor had not run the program and that, if he had done so, RVM could have detected a marker

2

or artifact on the computer hard drive indicating that the file had been opened. No such finding is contained in Mr. Fuest's Affidavit.

5. From the Bench, this Court declined to rule on plaintiff's letter request for sanctions, advised plaintiff to make a motion and set the matter for a hearing on April 19, 2018.

6. On March 9, 2018, my firm served a Subpoena upon RVM seeking documents and a deposition regarding Mr. Fuest's affidavit, as discovery into the statements made in the March 5 Letter and its supporting materials. Dkt. 141-2. The Subpoena set March 20, 2018 as the date for production of documents and March 26 as the date for a deposition of RVM. *Id*.

7. Plaintiff's counsel has never discussed the Subpoena with me, and did not communicate with me about the Subpoena prior to plaintiff's filing of the Motion.

8. On or about March 15, 2018, Mr. Cancilla called me to discuss the Subpoena. He said nothing about the scope of the Subpoena. He asked whether plaintiff would agree to adjourn the production date until March 26. Without declining the request, I told him that it would be difficult for me to agree to do so given the current discovery schedule. He then allowed that RVM was more than willing to run its imaging software "over the weekend" and might need "an extra day," or two, in which to produce responsive documents. I readily agreed, telling him that that would be "fine."

9. Plaintiff filed the Motion on March 19, 2018, one day prior to the initial March 20 production deadline.

10. Two days later, after asserting in the Motion that the Subpoena was premature because plaintiff has not yet formally filed a motion for sanctions, plaintiff's counsel wrote to me, asserting that Debtor had done nothing to comply with three of this Court's discovery related orders and that plaintiff "intends to move to hold [Debtor] in further contempt and seek

3

additional sanctions, including but not necessarily limited to those outlined in NCM's March 5th Letter," unless Debtor complied by March 23, 2018 at 12 noon. A true and correct copy of plaintiff's counsel's email is attached as hereto as **Exhibit 1**.

11.    I immediately advised plaintiff's counsel via email that Debtor was, in fact, seeking to provide additional discovery, as I had said he would during his deposition on March 7 and 8. Thereafter, we exchanged further emails on the subject, and are arranging for RVM to make a copy of the server that plaintiff has referred to as a "Forefront" server.

12.    Meanwhile, in relation to the Subpoena, I also sent emails, beginning on March 25, 2018, to plaintiff's counsel advising him that (a) the Motion did not accurately reflect Debtor's agreement with Mr. Cancilla to adjourn briefly the production deadline pursuant to the subpoena; and. (b) plaintiff had filed the motion without meeting and conferring with my firm; additionally, (c) I proposed a potential means for avoiding, by stipulation, the need to burden this Court with the Motion. Plaintiff's counsel rejected my proposal as a supposed "personal attack" upon him. It was not, and I have so advised him. A true and correct copy of the email exchange is attached hereto as **Exhibit 2**.

I hereby declare under penalty of perjury of the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge, information and belief. Executed on this 26th day of March 2018.

_____s/James W. Kennedy_____
**James W. Kennedy**