# EXHIBIT 2

# James Kennedy

| | |
|---|---|
| **From:** | James Kennedy |
| **Sent:** | Monday, March 26, 2018 10:39 AM |
| **To:** | 'Kinel, Norman N.'; Boschee, Aaron A. |
| **Cc:** | Gabriel Berg; Andrew Smith |
| **Subject:** | RE: motion to quash [I-AMS.FID4307286] |
| **Attachments:** | image001.jpg; image002.png |

Dear Norman,

I regret that you interpret my emails as containing personal attacks. While you may not agree with my view of the facts, my emails are factual, and you have not refuted the facts. Feel free to point out to me what you regard as being personal attacks. There are none, as I see it.

Jim

**From:** Kinel, Norman N. [mailto:norman.kinel@squirepb.com]
**Sent:** Monday, March 26, 2018 10:13 AM
**To:** James Kennedy; Boschee, Aaron A.
**Cc:** Gabriel Berg; Andrew Smith
**Subject:** RE: motion to quash [I-AMS.FID4307286]

Mr. Kennedy,

I am in an out of town deposition all day today and will not be responding to your email in the time frame requested (if at all). I will note that once again your email consists largely of misstatements and personal attacks and I request (not for the first time) that to the extent that you wish to communicate with me, you do so in a professional manner.

Norman Kinel

**SQUIRE PATTON BOGGS**

Norman N. Kinel
Partner
National Chair, Creditors' Committee Practice
Squire Patton Boggs (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
T +1 212 407 0130
O +1 212 872 9800
F +1 212 872 9815
M +1 732 690 4822
norman.kinel@squirepb.com | squirepattonboggs.com

**From:** James Kennedy [mailto:jkennedy@kennedyberg.com]
**Sent:** Sunday, March 25, 2018 12:48 PM
**To:** Kinel, Norman N. <norman.kinel@squirepb.com>; Boschee, Aaron A. <aaron.boschee@squirepb.com>
**Cc:** Gabriel Berg <gberg@kennedyberg.com>; Andrew Smith <asmith@kennedyberg.com>
**Subject:** motion to quash

1

Norman,

We note that you failed to meet and confer with us prior to filing a motion to quash on NCM's behalf and that you did not accurately report in that motion about my conversation, in which you did not participate, with Mr. Gregory Cancilla of RVM. As I have told you, I agreed to extend briefly the return date on the document portion of the subpoena. We note as well that, very shortly after you argued in NCM's motion that the subpoena should be quashed because NCM has not yet moved to compel, you unilaterally purported to set a deadline of noon on March 23, 2018 to comply with, or report on our efforts to comply with, the alleged deficiencies listed the March 5 letter by which NCM sought to incarcerate Mr. Reifler. Nor have you advised the Court to cancel the hearing date that was set on March 6 for NCM's motion for sanctions. We further note that you have not withdrawn from the public record your assertion that Mr. Reifler has destroyed evidence. In light of the foregoing, Mr. Reifler has more than an ample basis for seeking discovery of RVM.

Without prejudice to the foregoing, and to Mr. Reifler's rights, we would be willing to withdraw the pending subpoena to RVM, without prejudice to our serving a new subpoena, if NCM agrees to the following:

1. You advise the Court, by a publicly filed letter, that you misspoke on NCM's behalf in stating that RVM has acquired evidence that Mr. Reifler ran the so-called 'eraser' software such that files have in fact been permanently deleted.
2. You state, on NCM's behalf, that while it reserves its right to use the affidavits of Mr. Cancilla and Mr. Evan Feust in connection with any discovery issues, NCM has no intention of calling any RVM representative or using its testimony, opinions or findings in connection with the merits of the NCM Adverse Proceeding.
3. NCM agrees that, in the event it moves to sanction Mr. Reifler and to seek further discovery from Mr. Reifler based in part on any testimony, opinion or findings by RVM or any of its representatives, it will seek to agree upon an appropriate schedule that would enable Mr. Reifler to serve and seek to enforce discovery subpoenas upon RVM, and to obtain such discovery as may be ordered by the Court, reasonably in advance of the opposition date for any motion for further sanctions.

If this is acceptable to NCM, we propose that the parties submit a stipulation to the Court reflecting the foregoing and withdrawing the RVM subpoena and the NCM motion to quash. Meanwhile, we plan to reach out to you tomorrow with the information needed to proceed with the copying of what you have referred to as the Forefront server and the iCloud 'cloud' storage device.

I would appreciate your early response, and would certainly hope to hear from you by 11 am tomorrow.

Regards,

Jim

## KENNEDY BERG

James W. Kennedy
Kennedy Berg LLP
401 Broadway/Suite 1900/New York/NY 10013
direct 212.899.3410
main 212.899.3400
fax 212.899.3401
cell 917.302.7495
www.kennedyberg.com

This message is sent by a law firm and may contain information that is privileged and/or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. Thank you.

---

47 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US

---