# O'TOOLE + O'TOOLE PLLC

| | |
|---|---|
| 2 Depot Plaza, Suite 2E | 280 Trumbull Street, 15th Floor |
| Bedford Hills, New York 10507 | Hartford, Connecticut 06103 |
| Tel:  914.232.1511 | Tel:  860.519.5805 |
| Fax:  914.232.1599 | Fax: 914.232.1599 |
| | |
| **Marianne T. O'Toole** * | **Andrew D. O'Toole** † |
| * admitted NY, NJ, DC | **Jill M. O'Toole** † |
| | † admitted NY and CT |

May 16, 2022

<u>Via ECF</u>

Honorable Cecelia G. Morris
Judge for the United States Bankruptcy Court
For the Southern District of New York
355 Main Street
Poughkeepsie, New York 12601-3315

  Re: *In re Bradley C. Reifler*, Case No. 17-35075 (CGM)

Dear Judge Morris:

  This Firm represents, Marianne T. O'Toole, the Chapter 7 Trustee ("<u>Trustee</u>") of the Debtor, Bradley C. Reifler's estate.  Scott H. Bernstein, Esq., counsel to Rodney Omanoff in a pending adversary proceeding before this Court in which the Trustee is not a party, has indicated to the Trustee and her counsel that he intends to seek "the issuance of a Bankruptcy Rule 2004 Subpoena" directing the Trustee's to produce documents and seeking the deposition of the Trustee.  *See* Email and Letter from Scott Bernstein, Esq. dated May 2, 2022 with proposed Rule 2004 Subpoena attached (**Exhibit 1**).  In an abundance of caution, the Trustee respectfully submits this letter in order to inform the Court of the Trustee's intended objections to any such 2004 Application by Mr. Omanoff's and/or any  Rule 2004 Subpoena directed to the Trustee.  Mr. Omanoff's intended Rule 2004 Application and/or Rule 2004 Subpoena is improper and objectionable for any number of reasons included those state below.  As such, the intended 2004 Application should be denied, or in the alternative, the Trustee should be afforded a full and fair opportunity to oppose any such application and be heard before any ruling on such an application.

  The intended Rule 2004 Application appears to be the latest tactic in a seemingly endless series of desperate moves by Mr. Omanoff to defend himself from potential exposure in various jurisdictions both in the United States and outside the United States.  It is readily apparent from the 32 categories of documents identified in the draft Rule 2004 Subpoena that Mr. Omanoff seeks the documents for improper reasons and intends to use this information or obtain discovery for use by him in one or more of the pending proceedings.  Mr. Omanoff cannot employ Rule 2004 to conduct discovery related to the pending adversary proceeding or any other pending

proceedings in which Mr. Omanoff is already a litigant or implicated. These pending proceedings, include, but are not limited to the following:

(1) the adversary proceeding Mr. Omanoff has already file in this Court, *Rodney Omanoff v. Bradley C. Reifler, et al.,* Adv. Proc. No. 22-ap-09002 (CGM) (the "Adversary Proceeding");

(2) the state court action filed against Mr. Omanoff and his companies, Omanoff America, LLC and VoIP Guardian Partners I, LLC[1] in New York State Court, *Talking Capital v. Rodney Omanoff*, Index No. 650973/2017 (the "New York State Court Action"), which is the subject of the Adversary Proceeding;

(3) an adversary proceeding filed by Timothy Yoo, the Chapter 7 Trustee for VoIP Guardian Partners I, LLC (an entity Mr. Omanoff created and managed after he was involved with Talking Capital) against Mr. Omanoff, and several entities he owned, managed and/or controlled including VOIP Guardian LLC, Omanoff America LLC and Omanoff America Telecom LLC, Adv. Proc. 21-ap-01044 (BR) (C.D.C.A. Bankr., Second Amended Compl., dated Jan. 4. 2022, ECF 225) (the "VoIP Fraudulent Conveyance Action") (**Exhibit 2**) alleging claims for breach of fiduciary duty, fraudulent transfers, avoidance and seeking compensatory damages of $170 million against Mr. Omanoff;

(4) a putative federal class action was filed in California federal court by two investors in Direct Lending Investments LLC (DLI), Brendan Ross, Rodney Omanoff and others, *Marcia Kosstrin Trust and Professional Home Improvements Inc. Retirement Plan v. DLI, et al.*, No 19-CV-02452 (DSF) (MRW) (Compl. Apr. 1, 2019, ECF 1) ("DLI Federal Action") (**Exhibit 3**) alleging that Mr. Omanoff aided and abetted DLI managers in breaching their fiduciary duties by causing $160 million of the $190 million of capital received from DLI to go "missing and likely unrecoverable." Exhibit 3, ¶135; and

(5) according to the most recent status report filed by Bradley D. Sharp, the court-appointed receiver of DLI: "In addition, the collection of approximately $22 million of VoIP receivables continues to depend on the outcome of proceedings in the Netherlands, as the funds are subject to a criminal investigation of Rodney Omanoff and others for money laundering and other criminal claims." (the "Netherlands Investigation") Twelfth Status Report of Permanent Received Bradley D. Sharp (C.D. Cal. Feb. 11. 2022) ECF 757, Page 9 of 44 (**Exhibit 4**).

As a threshold matter, Mr. Omanoff's attempt to use Rule 2004 to conduct discovery fails for the reason that he has already filed the Adversary Proceeding in this Court and any discovery he may seek should take place pursuant to Part VII of the Federal Rules of Bankruptcy, incorporating by reference the Federal Rules of Civil Procedure, and any Scheduling Order entered by this Court. Under the pending proceeding rule, it is a "well recognized rule that once

---

[1] As indicated, VoIP Guardians I, LLC filed for bankruptcy in 2019 and the Chapter 7 Trustee, Timothy Yoo, has filed an adversary proceedings against Mr. Omanoff seeking to recover $170 million.

2

an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *see also In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("Courts are wary of attempts to utilize Fed. R. Bankr. P. 2004 to avoid the restrictions of the Fed. R. Civ. P. in the context of adversary proceedings."); *In re Valley Forge Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990) ("Many courts have expressed distaste for efforts of parties to utilize [Rule] 2004 examinations to circumvent the restrictions of the [Federal Rules of Civil Procedure] in the context of adversary proceedings or contested matters."). Mr. Omanoff's current attempt to obtain discovery from the Trustee directly related to the Adversary Proceeding, before this Court has ruled on the pending motions to dismiss or even entered a scheduling order is a flagrant attempt by Mr. Omanoff and his counsel to use Rule 2004 as the basis to evade the safeguards and procedural requirements for discovery in the Adversary Proceeding. Having filed the Adversary Proceeding, Mr. Omanoff cannot now circumvent the discovery requirements and limitations applicable to that proceeding by attempting to serve discovery.

Equally important, however, even if Mr. Omanoff had not already filed the Adversary Proceeding in this Court, Mr. Omanoff is not entitled to invoke Rule 2004 to obtain discovery clearly related to the other pending litigation he is involved in, including the New York State Court Action, the VoIP Fraudulent Conveyance Action, DLI Federal Action, and the Netherlands Investigation. Mr. Omanoff has been less than transparent with this Court as to his motivations. It is readily apparent that Mr. Omanoff seeks to use this forum to obtain discovery in connection with proceedings pending outside of this Court, without demonstrating that such discovery would be permitted or allowable. For example, Document Request Nos. 1-17 expressly seek documents and communications about the New York Action or with counsel of record in the New York Action, including Mr. Omanoff's own former counsel in the New York State Action, even though discovery in that case appears to be closed and, at least in part, is the subject of the very Adversary Proceeding he belatedly filed in this Court. Somewhat bizarrely, Mr. Omanoff also seeks documents or communications between the Trustee and the three of the law firms that previously represented Mr. Omanoff in the New York State Court Action from 2017 until July 2021 (McCarter & English LLP, Abrams Fensterman, Fensterman, and the Law Offices of Matthew Didora). *See* Document Request Nos. 9-17. Similarly, Document Requests Nos. 18-26 seek documents and communications to or from the court-appointed receiver for DLI, Bradley D. Sharp, the DLI receiver's counsel (Jason Komarsky, Diamond McCarthy LLP or Law Offices of Brutkus Grubner LLP) and/or Timothy Yoo, the VoIP Guardian Partners I, LLC Chapter 7 Trustee, related to the Debtor, Omanoff, the New York State Action, VoIP Fraudulent Conveyance Action, and the DLI Federal Action.

As this Court is fully aware from its familiarity with this bankruptcy case and the pending adversary proceeding commenced by the Trustee against Debtor, the Family Defendants and various John Doe entities and individuals, *Marianne T. O'Toole v. Reifler, et al.*, Adv. Proc. 19-9003 (CGM), the Trustee has diligently been attempting to collect documents and information from Debtor and others, but that task has been made most difficult by Debtor's and others failure to comply with their discovery obligations and orders of this Court. The Trustee has repeatedly requested documents from Mr. Omanoff both before and after he rushed into this Court with his various 'emergency' applications. Contrary to any suggestion in his counsel's May 2, 2022 correspondence that Mr. Omanoff *intends* to produce documents to the Trustee, to date, Mr. Omanoff has still not produced any documents, notwithstanding the Trustee's repeated requests

3

since February 18, 2022 that he do so. *See* Letter from Trustee's Counsel, dated April 25, 2022 **(Exhibit 5)**. Instead of cooperating with the Trustee, Mr. Omanoff has pursued a scorched-earth litigation strategy in this Court, which he now threatens to direct at the Trustee and/or the United States Trustee. Needless to say, Mr. Omanoff's continued and unexplained failure to produce documents to the Trustee raises any number of questions as to his *bona fides*, i.e., whether he intends to assist the Trustee or increase the property of the Estate or instead he seeks to use this forum improperly for strategic purposes in other proceedings in which he appears to face significant exposure.

As such, the Trustee respectfully objects to and expressly reserves any and all rights to object to any Rule 2004 Application and seek appropriate relief in connection with any subpoena that might be issued consistent with Fed. R. Civ. P. 45 and raise any and all objections, including but not limited to, that the production of documents and/or testimony from the Trustee is not relevant, that such production would impose an undue burden and/or expense on a non-party, particularly where party discovery in the Adversary Proceeding has not begun, that such disclosure would impermissibly interfere with or intrude upon the Trustee's powers, legal strategy, business judgment and/or authority and/or require the disclosure of information protected by the attorney client privilege and/or attorney work product doctrine.

For all of these reasons, the Trustee submits this letter in opposition to any 2004 Application that Mr. Omanoff has threatened to file and respectfully requests than any such application be denied, or in the alternative, that the Trustee be afforded a full and fair opportunity to file opposition to such an application and be heard on any such application.

Respectfully submitted,

/s/ Andrew D. O'Toole
Andrew D. O'Toole

Enclosures

cc:   <u>Via Email</u>

| | |
|---|---|
| Scott H. Bernstein, Esq. | David K. Bowles, Esq. |
| Skolnick Legal Group | Bowles & Johnson |
| 103 Eisenhower Parkway, Suite 305 | 14 Wall Street, 20th Floor |
| Roseland, New Jersey 07068 | New York, New York 10005 |
| | |
| Michael P. Pasquale, Esq. | Alicia M. Leonhard, Esq. |
| Law Offices of Michael P. Pasquale LLC | Office of the United States Trustee |
| 48 Wall Street, 11th Floor | 11A Clinton Avenue, Room 620 |
| New York, New York 10005 | Albany, New York 12207 |