UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK – POUGHKEEPSIE DIVISION

In re:

Bradley Reifler,

Debtor

Chapter 7

Case No. 17-BK-35075.

RECEIVED
APR 25 2025
U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

**MOTION TO COMPEL TRUSTEE TO CLOSE CASE AND TO RECOGNIZE DEBTOR'S CONTINUING RIGHTS UNDER THE OPERATING AGREEMENT OF FOREFRONT PARTNERS LLC**

TO: THE HONORABLE
Judge Kyu Y. Paek

Bradley Reifler, pro se, respectfully submits this motion requesting that the Court compel Trustee Marianne T. O'Toole to promptly close this bankruptcy case and acknowledge Debtor's continuing rights under the Amended and Restated Operating Agreement of Forefront Partners LLC ("Forefront").

# I.
# BACKGROUND

1. I filed for Chapter 7 bankruptcy on January 17, 2017. Marianne T. O'Toole was appointed as Trustee.

2. Over $1.2 million has been collected by the Trustee—primarily within the first 24 months—yet a substantial portion of those funds have gone toward professional and administrative fees, with little distributed to actual

creditors.

3. This case has now remained open for over 8 years, despite no ongoing material recovery efforts or known obligations requiring delay.

## II.
## ISSUE REGARDING FOREFRONT PARTNERS LLC

4. Forefront Partners LLC was formed in 2011, with a key ownership and governance document titled " Operating Agreement of Forefront Partners LLC,"

5. According to Section 6.2(b) of the agreement, I, Bradley C. Reifler, was granted the irrevocable right to designate two out of three managers of the Operating Committee.

6. This right was not contingent upon my membership interest and is not abrogated by bankruptcy, as the agreement does not condition this managerial designation power on ownership status.

7. In 2022, I validly exercised this right and appointed a manager of Forefront.

## III.
## DISPUTED TRUSTEE ACTIONS

8. Despite no express authority under the Operating Agreement, the Trustee has purported to control Forefront's membership interests and is believed to have attempted or effected a sale of the interests, potentially to Rodney Omanoff—a party directly implicated in the asset dispute involving Talking Capital and VoIP Guardian.

9. These actions directly contradict the Operating Agreement, violate my retained appointment powers, and have jeopardized substantial value recovered from Talking Capital's successful litigation.

## IV.
## LEGAL ARGUMENTS

- Under 11 U.S.C. § 704(a)(1), a trustee shall "collect and reduce to money the property of the estate" but must do so "as expeditiously as is compatible with the best interests of parties."

- The Supreme Court in Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365 (2007), emphasized that bankruptcy powers are not to be used to manipulate or defeat substantive rights preserved under non-bankruptcy law.
- Trustee's ongoing administration is now oppressive, duplicative, and not in good faith toward creditors.
- Trustee's assumption of managerial rights without Court approval or Operating Agreement support constitutes ultra vires conduct.
- As established in In re O'Dowd, 233 F.3d 197 (3d Cir. 2000), estate property does not include powers which are personal and non-transferable, including governance rights not tied to economic interest.

## V.
## REQUEST FOR RELIEF

WHEREFORE, I respectfully request that the Court:

1. Order the Trustee to close the bankruptcy case forthwith;
2. Declare that the Trustee has no continuing authority over governance rights in Forefront Partners LLC;
3. Prohibit any unauthorized assignment, sale, or encumbrance of Forefront's rights;
4. Invalidate any purported sale or transfer of Forefront interests executed in contradiction of the governing Operating Agreement;
5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Bradley Reifler
116 West 14th street
NewYork, NY 10011
breifler@gmail.com
Dated: April 19, 2025

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK - POUGHKEEPSIE DIVISION

In re:

Bradley Reifler, Debtor

Chapter 7

Case No. 17-35075 (CGM)

CERTIFICATE OF SERVICE

I, Bradley Reifler, hereby certify that on April 20, 2025, I caused a true and correct copy of the

Motion to Compel Trustee to Close Case and to Recognize Debtor's Continuing Rights Under the

Operating Agreement of Forefront Partners LLC to be served by First Class Mail, postage prepaid, upon the following

Clerk of the Court

U.S. Bankruptcy Court - SDNY

355 Main Street

Poughkeepsie, NY 12601

Marianne T. O'Toole, Trustee

22 Valley Road

Katonah, NY 10536

Dated: April 20, 2025

New York, New York

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK - POUGHKEEPSIE DIVISION

Respectfully submitted,

_____

Bradley Reifler

116 West 14th Street, Apt. 5N

New York, NY 10011

Phone: (917) 488-7373

Email: [Your Email, if applicable]